**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRISTOPHER MCDANIEL,

       *Plaintiff*,

v.

T. BECHARD,

       *Defendant*.

_____/

CASE NO. 18-cv-12843
DISTRICT JUDGE LAURIE J. MICHELSON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**REPORT AND RECOMMENDATION ON INITIAL SCREENING**

**I.  RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff Christopher McDaniel's claim for monetary and injunctive relief against Defendant T. Bechard in her official capacity be **DISMISSED**. If this Recommendation is adopted, the remaining claim will be Plaintiff's retaliation claim against Defendant in her individual capacity.

**II.  REPORT**

    **A.  Procedural and Factual Background**

On September 12, 2018, Plaintiff Christopher McDaniel filed this *pro se* action against Defendant T. Bechard under 42 U.S.C. § 1983, alleging retaliation against him for exercising his First Amendment right to free speech. (R. 1). His application to proceed without prepayment of the filing fee was granted shortly thereafter. (R. 8). The case was referred to the undersigned Magistrate Judge for all pretrial proceedings, (R. 10), and this matter is now before the Court for initial review.

1

Plaintiff is currently incarcerated by the Michigan Department of Corrections at Lakeland Correctional Facility. (R. 1 at Page ID # 2). At the time of the alleged events underlying his claim, however, he was incarcerated at Thumb Correctional Facility and working in the kitchen under Defendant's supervision. (*Id.* at Page ID # 6, 8). Defendant was an employee of Aramark, (*id.* at Page ID # 2), a private company that contracts with the State to provide food services in prisons, *see* (*id.* at Page ID # 4).

Plaintiff alleges that throughout April, May, and June 2014, he had routinely complained about Defendant's "harassing behavior" to her supervisor, and the three of them had multiple discussions about his complaints. (*Id.* at Page ID # 8). Then, during a shift on June 18, 2014, Defendant told Plaintiff he was "messier than a baby," and Plaintiff lost his patience. (*Id.* at Page ID # 5). Plaintiff began making "baby noises," threw his hands up in the air, and asked, "Why are you always fucking with me?" (*Id.*).

Defendant initially reported the incident to shift officers as insolent behavior, but after about an hour made a second report accusing Plaintiff of having committed assault and battery against her. (*Id.* at Page ID # 5). As a result of Defendant's report, Plaintiff was confined in segregation and suffered mental distress with attendant physical symptoms (for example, sleeplessness and paranoia). (*Id.* at Page ID # 9). After about two weeks of investigation, he was found not guilty of assault and battery. (*Id.* at Page ID # 5)

### B. Screening Procedure and Governing Law

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that "'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or

repetitive lawsuits.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Further, federal law provides that:

> The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted.

42 U.S.C. § 1997e(c)(1).

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the plaintiff's complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. 42 U.S.C. § 1983; *see Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

### C. Analysis and Conclusions

#### 1. Plaintiff's claim is not barred by res judicata or the statute of limitations.

As an initial matter, the Court notes that Plaintiff previously filed a case based on many of the same facts, though also encompassing additional claims and defendants not named here; that case was dismissed in November 2017. *McDaniel v. Bechard*, No. 15-cv-13892, 2017 WL 5712898 (E.D. Mich. Nov. 27, 2017), *mot. for relief from judgment denied*, 2018 WL 3997836 (Aug. 21, 2018). Several of Plaintiff's claims were dismissed with prejudice, but as Plaintiff's First Amendment retaliation claim against T. Bechard was dismissed without prejudice, res judicata does not bar him from re-filing it now. *Id.* at *6.

Nor does the statute of limitations. Courts "generally lack the ability to raise an affirmative defense sua sponte." *Hutcherson v. Lauderdale Cnty.*, 326 F.3d 747, 757 (6th Cir. 2003). But when a meritorious affirmative defense based upon the statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate. *See Castillo v. Grogen*, 52 F. App'x 750, 751 (6th Cir. 2002).

In a § 1983 case, federal law determines when the claim accrues; the limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis for his or her injury has occurred. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1984). Here, that would be June 18, 2014, the date Defendant allegedly filed a false report against Plaintiff.[1] Federal courts borrow the relevant state personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 250 (1989). Thus, we borrow from Michigan's personal injury statute, which sets the statute of limitations at three years, *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986); MCLA 600.5805, making Plaintiff's filing deadline June 18, 2017. That was a Sunday, so his deadline would have been instead Monday, June 19, 2017. **Fed. R. Civ. P.** Rule 6(a)(1)(C) ("if the last day is Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

At first blush, Plaintiff's case would appear to be untimely—he filed this case on September 12, 2018, well past the three-year mark. (Doc. 1). We borrow not only Michigan's statute of limitations, however, but also its tolling rules. *E.g.*, *Kalasho v. City of Eastpointe*, 66 F. App'x 610 (6th Cir. 2003). Michigan's tolling statute provides that the statute of limitations is tolled when a complaint is filed, if the summons and complaint are

---

[1] Typically, the statute of limitations in a federal case is tolled while a plaintiff exhausts his available state remedies, such as the grievance process. *Brown v. Morgan*, 209 F.3d 595, 596–97 (6th Cir. 2000). The Court applied this rule in *Brown*, also a civil rights case brought by a pro se prisoner, without discussion of the fact that federal courts borrow state statute of limitations and tolling rules in § 1983 claims. By that rule, the statute of limitations here may have started running even later than the date of Plaintiff's alleged injury. Regardless, however, Plaintiff filed this case within the statute of limitations, as explained below; thus, it is unnecessary to consider the application of *Brown* at this time.

5

timely served on the defendant. MCL 600.5856(a). As the Court of Appeals of Michigan explains it, the statute "'permits the tolling of the statute of limitations during the pendency of a prior suit between the parties where the prior action was not adjudicated on the merits.'" *CitiMortgage, Inc. v. FMM Bushnell*, No. 317422, 2014 WL 7338876, at *8 (Mich. Ct. App. Dec. 23, 2014) (quoting *Sherrell v. Bugaski*, 425 N.W.2d 707 (Mich. Ct. App. 1985).[2]

---

[2] I recognize that some federal courts in Michigan, when faced with a similar issue, have nonetheless applied the Sixth Circuit rule that the statute of limitations is not tolled while a complaint that is later dismissed without prejudice is pending. *E.g.*, *Weatherspoon v. Dinsa*, No. 17-11196, 2018 WL 4111506, at * (Aug. 3, 2016) (citing *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987) ("It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending.")); *Darwich v. City of Dearborn*, No. 13-cv-10254, 2014 WL 4600540, at *3 (E.D. Mich. July 29, 2014); *Seals v. Scutt*, No. 10-15054, 2014 WL 3767800, at *2–3 (E.D. Mich. July 31, 2014).

But others have applied state tolling rules, or at least recognized they control. *Cf. Crawford v. Prison Health Servs.*, No. 1:12-cv-409, 2012 WL 4740219, at *3 (W.D. Mich. Oct. 3, 2012) (anticipating dismissal without prejudice of plaintiffs' § 1983 claims will not cause "gratuitous harm" to plaintiffs because Michigan law provides for tolling); *Harris v. Gerth*, No. 08-CV-12374, 2009 WL 368011, at *2 (E.D. Mich. Feb. 11, 2009) (applying Michigan's state tolling rules); *Hutchinson v. Smith*, No. 07-CV-10689, 2007 WL 3038006, at *3–4 (E.D. Mich. Oct. 18, 2007) (same); *Williams v. Ortiolano*, No. 06-10193, 2006 WL 2367360, at *2–3 (E.D. Mich. Aug. 14, 2006) (same). And even post-*Kalasho*, the Sixth Circuit has indicated that this rule persists. *Harris v. U.S.*, 422 F.3d 322, 331–32 (6th Cir. 2005). *Harris* was a *Bivens* case in which the Court noted that in § 1983 and *Bivens* cases alike, federal courts adopt a local time limitation "if it is not inconsistent with federal law or policy to do so." *Id.* at 331. The Court thus followed a state statute that tolled the limitations period where an action is timely commenced and then dismissed without prejudice after the applicable statute of limitations has run. *Id.* at 331–32. Thus, I suggest the Court must follow the Sixth Circuit and borrow Michigan's tolling rules here.

Assuming Plaintiff's claim accrued on June 18, 2014, just under a year and a half passed between its accrual and his filing his previous case, on November 3, 2015. *Bechard*, 2017 WL 25712898, at *1. At that time the statute of limitations was tolled until at least November 28, 2017, when his retaliation claim was dismissed without prejudice on summary judgment. *Id.* He then had roughly another year and a half of the statute of limitations remaining; he filed this case less than one year later, on September 12, 2018. (Doc. 1).[3] Thus, Plaintiff filed this claim within the statute of limitations.

### 2. Plaintiff's Claim Against Defendant in Her Official Capacity Should Be Dismissed.

The sole defendant in this case is T. Bechard, who was employed by Aramark as a supervisor in the facilities kitchen at Thumb Correctional Facility in June 2014. (R. 1 at Page ID # 6). Although Plaintiff does not sue Aramark itself, he is suing Bechard in both her official and individual capacities, and suing an employee in her official capacity is generally equivalent to suing her employer. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't of Soc. Secs.*, 436 U.S. 658, 691 n. 55 (1978)) ("Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'"). Thus, the question arises whether

---

[3] Put another way, three years (of 365 days each) is equivalent to 1095 days. As 2016 was a leap year, in actuality Plaintiff had 1096 days. Of those 1096 days, 503 expired between the alleged injury and when Plaintiff filed his first case, and 288 elapsed between the dismissal of his previous claim and his filing this case. Plaintiff has used only 791 days out of the 1096, and remains within the statute of limitations.

Aramark was "acting under the color of state law" such that it is vulnerable to suit under § 1983.

In the context of medical services, the Sixth Circuit has stated that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993). Courts have reached conflicting conclusions as to whether Aramark, a private company that contracts with the State to provide food services in prisons, falls into the same category. *See Dotson v. Shelby Cnty.*, No. 13-2766-JDT-tmp, 2014 WL 3530820, at *13 & n.20 (E.D. Tenn. July 15, 2014) (collecting cases). Federal district courts in the Sixth Circuit, however, have regularly assumed for the purposes of screening that Aramark is a state actor. *E.g.*, *Mills v. Aramark Corp.*, No. 1:15-cv-610, 2015 WL 7820872 at *3 (S.D. Ohio Nov. 10, 2015); *Horn v. Hunt*, No. 2:15-cv-220, 2015 WL 5873290, at *4–5 (S.D. Ohio Oct. 8, 2015); *Dotson*, 2014 WL 3530820, at *13. That suffices at this juncture; here, too, I would assume for the purposes of initial review that Aramark is a state actor.

Even assuming Aramark is a state actor, however, a private corporation like Aramark is liable under § 1983 only when its official policy or well-settled custom causes the alleged deprivation of federal rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). As Plaintiff makes no allegations that his injuries or Defendant's actions were traceable to Aramark policy or custom, I recommend the claim against Defendant in her official capacity be **DISMISSED** for failure to state a claim. If this

recommendation is adopted, Plaintiff's claim against Defendant in her individual capacity will remain.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled

9

as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  November 21, 2018                          S/ PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Christopher McDaniel #720417 at Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

Date: November 21, 2018                           By s/Kristen Castaneda
                                                  Case Manager