UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER MCDANIEL,

      *Plaintiff*,

v.

T. BECHARD,

      *Defendant*.

_____/

CASE NO. 18-cv-12843
DISTRICT JUDGE LAURIE J. MICHELSON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT AND RECOMMENDATION ON SCREENING

### I. RECOMMENDATION

The undersigned filed a previous report and recommendation (R&R) in this case on November 21, 2018, recommending that the Court dismiss Plaintiff Christopher McDaniel's claim against Defendant T. Bechard in her official capacity. (R 11). That R&R is currently before the District Court. Plaintiff has filed objections. (R. 12).

Plaintiff has since sought to amend his complaint, either as of right under Federal Rule of Civil Procedure 15(a)(1) or with the Court's permission under Rule 15(a)(1)(B). (R. 13). For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's complaint be considered amended as of right—rendering the previous R&R moot—and allowed to proceed through initial screening.

## II. REPORT

### A. Procedural and Factual Background

On September 12, 2018, Plaintiff Christopher McDaniel filed this *pro se* action against Defendant T. Bechard under 42 U.S.C. § 1983, alleging Defendant retaliated against him for exercising his First Amendment right to free speech. (R. 1). His application to proceed without prepayment of the filing fee was granted shortly thereafter. (R. 8). The case was referred to the undersigned Magistrate Judge for all pretrial proceedings, (R. 10), and this matter is now before the Court for initial review.

### 1. The Amended Complaint

On December 4, 2018, Plaintiff sought to amend his complaint, either as of right under Federal Rule of Civil Procedure 15(a)(1) or with the Court's permission under Rule 15(a)(2). (R. 13). Rule 15(a)(1)(A) allows a party to amend his pleading once as a matter of course within 21 days after serving it. Defendant reports that she received a copy of Plaintiff's complaint via regular mail on October 15, 2018, and then waived service on November 11, 2018. (R. 18). As Defendant recognized, pursuant to Rule 4(d)(4), when service is waived, proof of service is not required and the rules are applied as if a summons and complaint had been served when the waiver was filed. (R. 18 at PageID.85). Thus, accounting for weekends and two federal holidays, Plaintiff had until December 12, 2018, to amend his complaint, and he filed in time to amend as of right.

Plaintiff's amended complaint repeats essentially the same factual basis as appeared in his initial complaint: Plaintiff endured months of verbal harassment by Defendant, which he repeatedly reported to her supervisor, culminating on June 8, 2014, when she called him

2

"messier than a baby" while he was working in the TCF kitchen. (R. 13 at PageID.61-62). In response, he made "child noises," said "Why are you always fucking with me, leave me alone," and threw up his hands. (*Id.*). Defendant issued a misconduct accusing Plaintiff of "assault and battery," causing Plaintiff to spend two weeks in segregation until an investigation determined that Defendant had falsified the report. (*Id.* at PageID.62-63). His injuries included headaches, constipation, an upset stomach and stomach cramps, sleeplessness, paranoia, nosebleeds, and vomiting. (*Id.* at PageID.69).

Defendant's amended complaint asserts a claim for "Retaliation/For speech (complaints against staff)" under the First Amendment. (R.13 at PageID.59.) He seeks $25,000 in compensatory damages, $750,000 in punitive damages, and an injunction preventing Defendant from working at the facility where he is housed. (R.13.)

### B. Screening Procedure and Governing Law

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Further, federal law provides that:

3

> The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted.

42 U.S.C. § 1997e(c)(1).

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the plaintiff's complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. 42 U.S.C. § 1983; *see Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

### C. Analysis and Conclusions

#### 1. Plaintiff's claim is not barred by res judicata or the statute of limitations.

As an initial matter, the Court notes that Plaintiff previously filed a case based on many of the same facts, though also encompassing additional claims and defendants not named here; that case was dismissed in November 2017. *McDaniel v. Bechard*, No. 15-cv-13892, 2017 WL 5712898 (E.D. Mich. Nov. 27, 2017), *mot. for relief from judgment denied*, 2018 WL 3997836 (Aug. 21, 2018). Several of Plaintiff's claims were dismissed with prejudice, but as Plaintiff's First Amendment retaliation claim against T. Bechard was dismissed without prejudice, res judicata does not bar him from re-filing it now. *Id.* at *6.

Nor does the statute of limitations. Courts "generally lack the ability to raise an affirmative defense sua sponte." *Hutcherson v. Lauderdale Cnty.*, 326 F.3d 747, 757 (6th Cir. 2003). But when a meritorious affirmative defense based upon the statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate. *See Castillo v. Grogen*, 52 F. App'x 750, 751 (6th Cir. 2002).

In a § 1983 case, federal law determines when the claim accrues; the limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis for his or her injury has occurred. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1984). Here, that would be June 8, 2014, the date Defendant allegedly filed a false report against Plaintiff.[1] (R. 13 at PageID.65). Federal courts borrow the relevant state personal

---

[1] Typically, the statute of limitations in a federal case is tolled while a plaintiff exhausts his available state remedies, such as the grievance process. *Brown v. Morgan*, 209 F.3d 595, 596–97 (6th Cir. 2000). The Court applied this rule in *Brown*, also a civil rights case

5

injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 250 (1989). Thus, we borrow from Michigan's personal injury statute, which sets the statute of limitations at three years, *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986); MCLA 600.5805, making Plaintiff's filing deadline June 18, 2017. That was a Sunday, so his deadline would have been instead Monday, June 19, 2017. Fed. R. Civ. P. Rule 6(a)(1)(C) ("[I]f the last day is Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

At first blush, Plaintiff's case would appear to be untimely—he filed this case on September 12, 2018, well past the three-year mark. (Doc. 1). We borrow not only Michigan's statute of limitations, however, but also its tolling rules. *E.g.*, *Kalasho v. City of Eastpointe*, 66 F. App'x 610 (6th Cir. 2003). Michigan's tolling statute provides that the statute of limitations is tolled when a complaint is filed, if the summons and complaint are timely served on the defendant. MCL 600.5856(a). As the Court of Appeals of Michigan explains it, the statute "'permits the tolling of the statute of limitations during the pendency of a prior suit between the parties where the prior action was not adjudicated on the merits.'" *CitiMortgage, Inc. v. FMM Bushnell*, No. 317422, 2014 WL 7338876, at *8

---

brought by a pro se prisoner, without discussion of the fact that federal courts borrow state statute of limitations and tolling rules in § 1983 claims. By that rule, the statute of limitations here may have started running even later than the date of Plaintiff's alleged injury. Regardless, however, Plaintiff filed this case within the statute of limitations, as explained below; thus, it is unnecessary to consider the application of *Brown* at this time.

(Mich. Ct. App. Dec. 23, 2014) (quoting *Sherrell v. Bugaski*, 425 N.W.2d 707 (Mich. Ct. App. 1985).[2]

Assuming Plaintiff's claim accrued on June 8, 2014, just under a year and a half passed between its accrual and his filing his previous case, on November 3, 2015. *Bechard*, 2017 WL 25712898, at *1. At that time the statute of limitations was tolled until at least November 28, 2017, when his retaliation claim was dismissed without prejudice on summary judgment. *Id.* He then had roughly another year and a half of the statute of

---

[2] I recognize that some federal courts in Michigan, when faced with a similar issue, have nonetheless applied the Sixth Circuit rule that the statute of limitations is not tolled while a complaint that is later dismissed without prejudice is pending. *E.g.*, *Weatherspoon v. Dinsa*, No. 17-11196, 2018 WL 4111506, at *4 (E.D. Mich. Aug. 3, 2016) (citing *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987) ("It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending.")); *Darwich v. City of Dearborn*, No. 13-cv-10254, 2014 WL 4600540, at *3 (E.D. Mich. July 29, 2014); *Seals v. Scutt*, No. 10-15054, 2014 WL 3767800, at *2–3 (E.D. Mich. July 31, 2014).

But others have applied state tolling rules, or at least recognized that they control. *Cf. Crawford v. Prison Health Servs.*, No. 1:12-cv-409, 2012 WL 4740219, at *3 (W.D. Mich. Oct. 3, 2012) (anticipating dismissal without prejudice of plaintiffs' § 1983 claims will not cause "gratuitous harm" to plaintiffs because Michigan law provides for tolling); *Harris v. Gerth*, No. 08-CV-12374, 2009 WL 368011, at *2 (E.D. Mich. Feb. 11, 2009) (applying Michigan's state tolling rules); *Hutchinson v. Smith*, No. 07-CV-10689, 2007 WL 3038006, at *3–4 (E.D. Mich. Oct. 18, 2007) (same); *Williams v. Ortiolano*, No. 06-10193, 2006 WL 2367360, at *2–3 (E.D. Mich. Aug. 14, 2006) (same). And even post-*Kalasho*, the Sixth Circuit has indicated that this rule persists. *Harris v. U.S.*, 422 F.3d 322, 331–32 (6th Cir. 2005). *Harris* was a *Bivens* case in which the Court noted that in § 1983 and *Bivens* cases alike, federal courts adopt a local time limitation "if it is not inconsistent with federal law or policy to do so." *Id.* at 331. The Court thus followed a state statute that tolled the limitations period where an action is timely commenced and then dismissed without prejudice after the applicable statute of limitations has run. *Id.* at 331–32. Thus, I suggest the Court borrow Michigan's tolling rules here.

7

limitations remaining; he filed this case less than one year later, on September 12, 2018. (R. 1). Thus, Plaintiff filed this claim within the statute of limitations.

### 2. I suggest Plaintiff's complaint survives screening.

Plaintiff attempts to divide his amended complaint into two allegations of constitutional violations: (1) Aramark's failure to act, train, supervise, or discipline Defendant, which he also suggests amounts to a policy or custom; and (2) Defendant's retaliation against him for exercising his First Amendment rights. (R. 13 at PageID.61-66).

The sole defendant in this case is T. Bechard, who was employed by Aramark—a private company that contracts with the state to provide food services in prisons—as a supervisor in the facilities kitchen at Thumb Correctional Facility in June 2014. (R. 13 at PageID.60, 64). Although Plaintiff does not seek to sue Aramark itself, he is suing Bechard in both her official and individual capacities, and suing an employee in her official capacity is generally equivalent to suing her employer. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't of Soc. Secs.*, 436 U.S. 658, 691 n. 55 (1978)) ("Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'"). Thus, the question arises whether Aramark was "acting under the color of state law" such that it would be vulnerable to suit under § 1983.

The Sixth Circuit has stated that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993). Courts have reached conflicting conclusions

8

as to whether Aramark falls into the same category. *See Dotson v. Shelby Cnty.*, No. 13-2766-JDT-tmp, 2014 WL 3530820, at *13 & n.20 (E.D. Tenn. July 15, 2014) (collecting cases). Federal district courts in the Sixth Circuit, however, have regularly assumed for the purposes of screening that Aramark is a state actor. *E.g.*, *Mills v. Aramark Corp.*, No. 1:15-cv-610, 2015 WL 7820872 at *3 (S.D. Ohio Nov. 10, 2015); *Horn v. Hunt*, No. 2:15-cv-220, 2015 WL 5873290, at *4–5 (S.D. Ohio Oct. 8, 2015); *Dotson*, 2014 WL 3530820, at *13. That suffices at this juncture; here, too, I would assume for the purposes of initial review that Aramark is a state actor.

Even assuming Aramark is a state actor, however, a private corporation like Aramark is liable under § 1983 only when its official policy or well-settled custom causes the alleged deprivation of federal rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). "Policy" and "custom" are not synonyms. *See Ford v. Cnty. Of Grand Traverse*, 535 F.3d 483, 496 (6th Cir. 2008) ("[W]e note that § 1983 municipal-liability jurisprudence distinguishes between 'policy' and 'custom.'"). A policy is "promulgated by the official vested with final policymaking authority for the municipality." *Miller v. Calhoun Cnty,*, 408 F.3d 803, 813 (6th Cir. 2005). A custom, on the other hand, refers to an informal rule or way of doing things that "has not received formal approval through . . . official decisionmaking channels." *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). The custom must be "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Id.* (internal citation omitted).

As far as I can see, Plaintiff has not actually alleged that an official policy of Aramark's caused the alleged violation; in fact, he acknowledges that "their [*sic*] is a strong

9

policy against retaliation." (R. 13 at PageID.61). However, he does allege that Aramark has a custom of failing to act to prevent staff from harassing inmates and retaliating against those who complain, and in this case failed to discipline or otherwise reign in Defendant despite having been made aware of her misconduct on multiple occasions. (R. 13 at PageID.61-63). I suggest that if the Court construes Plaintiff's complaint liberally, Plaintiff has at least pled his claims sufficiently to proceed through initial screening.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 20, 2019              S/ PATRICIA T. MORRIS
                                      Patricia T. Morris
                                      United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Christopher McDaniel #720417 at Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

Date: February 20, 2019               By s/Kristen Castaneda
                                      Case Manager