UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER MCDANIEL,

    Plaintiff,

v.

T. BECHARD,

    Defendant.

Case No. 2:18-cv-12843
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [34]**

Plaintiff Christopher McDaniel was working in the kitchen of the prison where he was incarcerated when he began to have issues with one of his supervisors, Defendant T. Bechard. McDaniel made multiple complaints about Bechard to her supervisor. One day, the conflict bubbled over and McDaniel and Bechard had a heated exchange in the kitchen. Bechard filed a misconduct report against McDaniel and accused him of assault and battery. McDaniel asserts that Bechard fabricated the charge in retaliation for his complaints against her.

McDaniel filed this complaint against Bechard claiming First Amendment retaliation and a failure to properly train, supervise, investigate, or discipline employees. Bechard moved for summary judgment on both claims. (ECF No. 25.) Magistrate Judge Patricia T. Morris issued a Report and Recommendation that the Court grant in part (as to the failure to train, supervise, investigate, or discipline claim) and deny in part (as to the First Amendment claim) Bechard's summary judgment motion. (ECF No. 34.) Bechard objects to the Magistrate Judge's recommendation that the First Amendment claim survive. (ECF No. 35.) The Court overrules Bechard's objection and fully adopts the Report and Recommendation.

## I.

At the time of the events relevant to this case, McDaniel was serving time at the Thumb Correctional Facility in Lapeer, Michigan. (ECF No. 22, PageID.121.) Beginning in May 2014, McDaniel worked in the prison kitchen. (ECF No. 25-2, PageID.161.) At this time, the kitchen and dining facilities were managed by an outside contractor, Aramark Correctional Services, LLC. Bechard worked for Aramark as a food supervisor at the Thumb facility. (ECF No. 25, PageID.139.)

It seems that McDaniel and Bechard had a problem with each other from the start. (ECF No. 25-2, PageID.161.) McDaniel testified that Bechard was rude and disrespectful to him and the other inmates. (ECF No. 25-2, PageID.161.)

McDaniel recalls three or four incidents in which he reported Bechard to her supervisor, Mr. West. (ECF No. 22, PageID.115.) The first time, Bechard instructed McDaniel to switch from trash duty to passing out cups without allowing him to change his clothes pursuant to sanitation protocol. (ECF No. 25-2, PageID.164.) McDaniel remembers that he went to West's office to report the issue and West called Bechard into the office and asked her not to do it again. (ECF No. 25-2, PageID.166.) The next incident happened when Bechard asked McDaniel to clean up after other inmates who had left their shifts without cleaning up. (ECF No. 25-2, PageID.167.) McDaniel reported this to West, who said he would talk to Bechard about it. (ECF No. 25-2, PageID.168.) McDaniel also recalls talking to West on two occasions about Bechard's communication issues with the inmates. (ECF No. 25-2, PageID.172.) During the second of these conversations, West brought Bechard into the office and McDaniel confronted her about the way she spoke to him and the other inmates. (ECF No. 25-2, PageID.173.)

After this final meeting in West's office, McDaniel recalls that the next time he saw Bechard she told him something along the lines of "the next thing that goes wrong, your ass is out the door." (ECF No. 25-2, PageID.175.) McDaniel reported this statement, which he perceived as a threat, to West. (ECF No. 25-2, PageID.176.)

On June 8, 2014, McDaniel was working in the kitchen and Bechard was supervising. (ECF No. 25-2, PageID.161.) McDaniel testified that he had made a mess in his area while serving food on the line. (ECF No. 25-2, PageID.179.) When Bechard walked by, she commented to McDaniel, "[Y]ou're messier than a baby." (ECF No. 25-2, PageID.179.) McDaniel got upset and "started to antagonize [Bechard] and . . . make baby noises and told her . . . why are you always fucking with me, just leave me alone." (ECF No. 25-2, PageID.179.) McDaniel admits that he "snapped" (ECF No. 25-2, PageID.186) and that he was shouting and threw his hands up in the air (ECF No. 25-2, PageID.179). McDaniel testified that Bechard took a few steps away and turned her back to him and that he then walked past her out of the room. (ECF No. 25-2, PageID.186.) McDaniel avers that "he made no physical contact with [Bechard] whatsoever." (ECF No. 25-2, PageID.186.) Bechard then followed McDaniel and asked him to come with her to the officer so she could file a misconduct ticket against him. (ECF No. 25-2, PageID.180.)

Bechard filed a misconduct report accusing McDaniel of assault and battery. (ECF No. 25-5, PageID.198.) Bechard claimed that when McDaniel was walking past her she felt something hit her back and turned around and saw McDaniel's arm was raised. (ECF No. 25-7, PageID.215.) So she concluded that McDaniel must have struck her in the back. (ECF No. 25-7, PageID.216.)

A hearing investigator determined that Bechard first reported only that McDaniel was disruptive, and later added an allegation of assault. (ECF No. 25-5, PageID.198.) The investigator also interviewed inmates and staff who had witnessed the incident. (*Id.*) Because of the

3

inconsistencies in McDaniel's statements the hearing officer was "not convinced the assault occurred." (*Id.*) The hearing officer ultimately found McDaniel not guilty. (*Id.*) As a result of the misconduct accusation, McDaniel spent two weeks in segregation. (ECF No. 22, PageID.117.)

McDaniel later filed a grievance about the misconduct report, alleging it was retaliatory. (ECF No. 25-6, PageID.207.) The grievance was denied. (ECF No. 25-6, PageID.208.)

McDaniel then filed this pro se complaint against Bechard, asserting claims for retaliation under the First Amendment and failure to "act, train, supervise, or discipline." (ECF No. 22, PageID.110–112.) The case was referred to Magistrate Judge Patricia T. Morris for pretrial matters. (ECF No. 10.) Bechard filed a motion for summary judgment asking the Court to find for her as a matter of law on both claims. (ECF No. 25.) Magistrate Judge Morris issued a report and recommendation to grant in part and deny in part the motion for summary judgment. (ECF No. 34.) Bechard filed an objection to the Magistrate Judge's recommendation that summary judgment on McDaniel's First Amendment claim be denied. (ECF No. 35.) Neither party objected to the portion of the Report recommending summary judgment in favor of Bechard on McDaniel's failure to train, supervise, investigate, or discipline claim.

## II.

This Court performs a de novo review of those portions of the Magistrate Judge's Report and Recommendation to which Bechard has objected. *See* 28 U.S.C. § 636(b); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

When considering a motion for summary judgment, the Court views all facts and inferences in the light most favorable to the non-moving party, McDaniel. *Matsushita Elec. Indus. Co. v.*

4

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451–52 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). And "a dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 516 (6th Cir. 2019) (internal citations omitted).

### III.

Bechard makes one objection to the Magistrate Judge's Report and Recommendation. She asserts that the Report "relied solely upon inadmissible hearsay in finding that a genuine issue of material fact existed with regard to Plaintiff's First Amendment claim." (ECF No. 35, PageID.387.) Bechard seems to be referring to the misconduct hearing officer's report and statements of witnesses that were attached to and referenced in the report. Bechard admits that this includes the statement in her favor of a coworker who witnessed the incident between Bechard and McDaniel.

Bechard is correct that "hearsay evidence cannot be considered by a trial court ruling on a motion for summary judgment." *Tinsley v. Gen. Motors Corp.*, 227 F.3d 700, 703 (6th Cir. 2000) (citing *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994)); *see also Tranter v. Orick*, 460 F. App'x 513, 514 (6th Cir. 2012). Rule 56 of the Federal Rules of Civil Procedure requires that a summary judgment motion be supported by evidentiary-quality materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or

5

other materials." Fed. R. Civ. P. 56. "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *Id.*

The record in this case does not include depositions or affidavits of any witnesses to the incident on June 8, 2014. The only record consists of informal statements by these witnesses that are included as attachments to the hearing officer's report. (ECF No. 25-5, PageID.201–205.) So the statements themselves, to the extent offered for their truth, are hearsay under Federal Rule of Evidence 801 and not subject to any exception. This does not include statements of Bechard and McDaniel contained in the report and attachments, which could admissible at trial as either a declarant-witness's prior statement (if certain circumstances are met) or an opposing party's statement (if offered by the opponent). *See* Fed. R. Evid. 801(d). A hearsay statement does not become admissible simply because it is contained in a business or public record. *See, e.g., Miller v. Field*, 35 F.3d 1088, 1091–92 (6th Cir. 1994) (holding that hearsay statements in police reports were not admissible); *Lauderdale v. Wells Fargo Home Mortg.*, 552 F. App'x 566, 571 (6th Cir. 2014) ("Statements made by victims in a police report are hearsay and are not admissible at trial to prove the truth of the matter asserted.") So as the record currently stands, the witness statements would not be admissible as evidence and cannot be considered in deciding this summary judgment motion.[1]

But just because the statements attached to the hearing officer's report are hearsay does not make the hearing officer's report itself inadmissible. Rule 803(8) of the Federal Rules of Evidence provides an exception to the rule against hearsay for a public record which sets out "factual

---

[1] It is also still possible that the testimony of these witnesses could be admitted at trial if the witnesses are called to testify.

findings from a legally authorized investigation" and where "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness."

McDaniel rightly points out that conclusions or opinions contained in a public officer's report do not make it inadmissible as long as the report is principally a set of factual findings based upon the knowledge or observations of the preparer of the report. *Miller*, 35 F.3d at 1090–91 (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169–70 (1988)).

The investigation summarized in the misconduct report was a legally authorized and routine investigation pursuant to Michigan law and the policies of the Michigan Department of Corrections. *See* Mich. Comp. Laws § 791.251. Misconduct hearing reports are routinely considered as evidence in federal courts. *See, e.g.*, *Jones v. Lemke*, 178 F.3d 1294, at *1 (6th Cir. 1999) (unpublished table decision); *Harris v. Milled*, No. 17-10415, 2018 WL 878885, at *2 (E.D. Mich. Feb. 14, 2018); *Crump v. Winn*, No. 11-CV-10409, 2012 WL 1021711, at *1 (E.D. Mich. Mar. 27, 2012); *Hursey v. Sherk*, No. 1:10-CV-1277, 2014 WL 70110, at *3 (W.D. Mich. Jan. 9, 2014).

In the report, hearing officer Szappan makes a finding that McDaniel is not guilty. In Szappan's "Reasons for Findings," the hearing officer cites the inconsistent statements of Bechard. (ECF No. 25-5, PageID.198.) From this report, it does not appear that Szappan relied on the statements of witnesses in making this determination, but rather on the inconsistencies within Bechard's own accounts. Bechard has not suggested any other reason to doubt the trustworthiness of Szappan's report. So the Court will consider the misconduct hearing report itself and statements by the parties and disregard the witness statements attached to the report.

But even looking only at the misconduct report and the statements by Bechard and McDaniel, there is still a genuine dispute over a material fact: Bechard says McDaniel hit her and

7

that is the reason she filed a disciplinary report against him. McDaniel says that he never touched Bechard and that she filed a false report in retaliation for his protected speech. McDaniel's story is not based merely on conjecture in his complaint, but is supported by his own sworn testimony, and at least in some part, by the fact that the hearing officer found him not guilty of assault and battery against Bechard. Bechard, meanwhile, has offered no admissible evidence other than her own affidavit to support her version of the story.

### IV.

Considering the record evidence as prescribed under Rule 56, there remains a genuine dispute over an issue of material fact underlying McDaniel's First Amendment retaliation claim. Thus, Bechard's objection to the Magistrate Judge's Report and Recommendation is OVERRULED and the Report and Recommendation is ADOPTED. Bechard's motion for summary judgment is GRANTED IN PART and DENIED IN PART. McDaniel's claim for failure to train, supervise, investigate, or discipline is DISMISSED.

McDaniel's claim of First Amendment retaliation will proceed to trial. Prior to scheduling a final pretrial conference, the Court will provide McDaniel an opportunity to file a request for the appointment of an attorney if he would like to do so.

SO ORDERED.

Dated: January 21, 2020

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 21, 2020.

s/Erica Karhoff
Case Manager to
Honorable Laurie J. Michelson